UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-1672-DMG (JEMx) | Date | March 11, 2019 |
| Title | *Thomas Ziemianksi v. Harbor Freight Tools USA, Inc.* | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On January 25, 2019, Plaintiff Thomas Ziemianski filed a Complaint in Los Angeles County Superior Court against Defendant Harbor Freight Tools, USA, Inc., alleging the following state-law causes of action: strict liability, negligence, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. *See* Removal Notice, Ex. A at 6–14 (Complaint) [Doc. # 1-1].[1] On March 7, 2019, Defendant removed this action, invoking the Court's diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1.]

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction under 28 U.S.C. section 1332(a), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Further, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C.] section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). Additionally, "a party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). As there is a "'strong presumption' against removal jurisdiction[,]" an action should be remanded "if there is

---
[1] All page references herein are to page numbers inserted by the CM/ECF system.

any doubt as to the right of removal . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant asserts that it is a Delaware corporation that has its principal place of business in California, and that Plaintiff is a citizen of Florida. *See* Removal Notice at ¶ 3 [Doc. # 1]. The latter assumption is apparently based on the fact that Plaintiff has retained counsel located in Florida. *See id.* ("Plaintiff is believed to be a resident of the State of Florida, which is where his attorney is located."). Yet, Defendant utterly fails to explain why that fact has any bearing on whether Plaintiff is domiciled in Florida. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by [his or] her state of domicile . . . ."). Accordingly, Defendant fails to establish that the parties are of diverse citizenship. Furthermore, Defendant's invocation of the diversity jurisdiction statute has run afoul of 28 U.S.C. section 1441(b)(2).

In addition, Defendant notes that Plaintiff seeks damages "for several surgical interventions[,]" the permanent loss of "the use of his left thumb[,]" the "permanent loss of mobility in his left hand and arm[,]" and "for ongoing pain and suffering." *See* Removal Notice at ¶ 3 [Doc. # 1]. Nonetheless, Defendant makes virtually no attempt to quantify the monetary recovery sought by Plaintiff. Consequently, Defendant has also failed to show that the amount in controversy has been satisfied.

Defendant is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction and improper removal. Defendant shall file a response by no later than **March 18, 2019. Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** Plaintiff shall file a reply, if any, by **March 25, 2019. Each party's brief, exclusive of supporting declarations, shall not exceed 5 pages.**

**IT IS SO ORDERED.**